1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Mark Gregory Puhrmann,              )    No. CV-04-2902-PHX-MHM (JCG)
                                        )
10              Petitioner,             )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
    Dora B. Schriro, et al.,            )
13                                      )
                Respondents.            )
14                                      )
                                        )
15   _____  )

16         Presently pending before this Court is Mark Gregory Puhrmann's ("Petitioner") petition

17   for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner challenges his

18   conviction in Maricopa County Superior Court (Doc. 1). Petitioner has filed the instant Writ

19   of Habeas Corpus claiming six grounds for relief. Respondents have filed an Answer and

20   assert that Petitioner's Writ of Habeas Corpus should be denied (Doc. 15). The matter was

21   referred to Magistrate Judge Jennifer C. Guerin, who issued a Report and Recommendation

22   recommending that the Court deny Petitioner's Writ of Habeas Corpus (Doc. 18). Petitioner

23   has not filed any objection to the Report and Recommendation.

24   **I.        Standard of Review**

25         The district court must review the Magistrate Judge's findings and recommendations de

26   novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114,

27   1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall

28   make a de novo determination of those portions of the report or specified proposed findings

1   or recommendations to which objection is made"). "Failure to object to a magistrate judge's

2   recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207

3   F.3d 557, 562 n.2 (9th Cir. 2000).

4   **II.        Discussion**

5      Petitioner claims six grounds of relief for habeas corpus review. Grounds One and Two

6   are denied on their merits. Grounds Three, Four, Five, and Six are barred because they are

7   procedurally defaulted due to a lack of exhaustion within the state system.

8      **A.      Ground One**

9      In Ground One, Petitioner claims that his Eighth Amendment rights against cruel and

10  unusual punishment were violated when prison officials were deliberately indifferent to his

11  medical needs. In her Review and Recommendation, Judge Guerin noted that in order to

12  prevail on an intentional medical indifference claim, a petitioner must prove that prison

13  officials were purposely indifferent to the petitioner's medical needs. See Estelle v. Gamble,

14  429 U.S. 97, 104-05 (1976). An official is guilty of deliberate medical indifference only

15  when the official is aware of an inmate's medical problems but disregards those problems to

16  the detriment of the prisoner. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

17  Petitioner fails to state allegations that suggest that the prison officials are culpable of

18  deliberate medical indifference. Petitioner has not established that his desired medical

19  treatment was necessary to maintain his well-being or that denial of the treatment resulted

20  in the demise of his health.

21     **B.      Ground Two**

22     In Ground Two, Petitioner alleges that his trial counsel was ineffective for failing to

23  request a Rule 11 hearing to determine Petitioner's competency prior to sentencing.

24  Petitioner has not established a claim because he has not demonstrated that (1) counsel's

25  representation fell below the reasonable standard, and (2) the outcome of the proceeding

26  would most likely have been different if counsel had not erred. See Strickland v.

27  Washington, 466 U.S. 668, 688, 694 (1984). Furthermore, counsel's "failure to make a futile

28  motion does not constitute ineffective assistance." James v. Borg, 24 F.3d 20, 27 (9th Cir.

1    1994).  The facts of the record indicate that a motion for a Rule 11 hearing would have been

2    in vain.  As such, habeas relief on the merits of Ground Two is denied.

3        **C.      Grounds Three and Four**

4        A petitioner must exhaust his claims by having the state's highest court review them, either

5    by way of direct appeal or collateral proceedings, before a federal court is allowed to

6    consider a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  See Rose v. Lundy, 455

7    U.S. 509, 519 (1982).  It is also required that a petitioner have presented his claim to the state

8    court in a procedural context so that the merits of the claim will be taken into account.  See

9    Castille v. Peoples, 489 U.S. 345, 351 (1989).  Petitioner alleged in Ground Three that the

10   trial court abused its discretion in failing to order a Rule 11 competency hearing and also

11   alleged, in Ground Four, that the trial court abused its discretion by changing the length of

12   Petitioner's sentence.  However, as stated by Magistrate Judge Guerin, Petitioner did not

13   bring the constitutional claims of Grounds Three and Four to the attention of the state courts.

14   Therefore, these two Grounds are procedurally barred.

15       **D.      Grounds Five and Six**

16       Likewise, Petitioner did not raise Ground Five, an alleged violation of the Double

17   Jeopardy Clause, during his state court proceedings.  As such Petitioner is precluded from

18   raising the issue for the first time in his habeas petition.  Additionally, Petitioner did not raise

19   Ground Six, that Best Buy conducted an illegal search and seizure of his laptop, in his Court

20   of Appeals petition for review.  Ground Six is, thus, not exhausted.

21       **E.      Preclusion**

22       Petitioner is now precluded under Arizona law from attaining relief on Grounds Three,

23   Four, Five and Six without a valid exception.  See Ariz. R. Crim. P. 32.2(a)(3); 32.4.

24   Petitioner does not assert any exceptions.  Accordingly, the Court will adopt Judge Guerin's

25   recommendation that Grounds Three, Four, Five, and Six be dismissed as procedurally

26   barred.

27       **Accordingly,**

28

1      **IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Guerin's Report and

2   Recommendation in its entirety as the Order of the Court (Doc. 18).

3      **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to

4   28 U.S.C. § 2254 is denied (Doc. 1).

5      **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment

6   accordingly.

7      DATED this 18th day of June, 2007.

8

9

10

11   _____
                    Mary H. Murguia
12                   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28